

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                          Criminal No. 3:19cr50-01

CHRISTINA PILGRIM

MEMORANDUM OPINION

This matter is before the Court on the defendant's *pro se* "Emergency Motion" REQUESTING RELEASE PURSUANT TO THE 5TH AND 8TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND BASED ON THE COVID-19 PANDEMIC (ECF No. 130) in which Christina Pilgrim seeks compassionate relief based upon COVID-19. The matter is also before the Court on the MEMORANDUM IN SUPPORT OF MOTION FOR COMPASSIONATE RELEASE filed by counsel for the defendant (ECF No. 140) wherein Pilgrim, through counsel, seeks compassionate release "based on the necessity of providing a stable, loving, health environment for Ms. Pilgrim's daughter," the United States' Response in Opposition to Defendant's Motion for Compassionate Release (ECF No. 146), and the defendant's REPLY TO UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF No. 147). In the memorandum filed by counsel, there is not an explicit abandonment of the Emergency Motion based on COVID-19. However, the memorandum submitted by counsel does not

mention the pandemic as a ground for compassionate release. In its response (ECF No. 146), the United States discusses the original Emergency Motion as well as the family circumstances' motion advanced in the memorandum filed by counsel. In the reply filed by counsel (ECF No. 147), COVID-19 is not mentioned either.

Nonetheless, in an abundance of caution the Court will consider both grounds.

## BACKGROUND

By way of Indictment (ECF No. 13), Pilgrim was charged with one count of conspiracy to commit Hobbs Act robbery (in violation of 18 U.S.C. § 1951); three counts of Hobbs Act robbery, and aiding and abetting, (in violation of 18 U.S.C. §§ 1951 and 2); and three counts of using a firearm by brandishing during and in relation to a crime of violence, and aiding and abetting (in violation of 18 U.S.C. §§ 924(c) and 2). Pilgrim was convicted, on a plea of guilty, of one count of Hobbs Act robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951 and 2, one count of use of a firearm by brandishing during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c), and one count of Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2.

The Presentence Report details the offense conduct in graphic detail. As explained in the Presentence Report and the Statement

of Facts accompanying the Plea Agreement, Pilgrim was an employee at a Dollar Tree Store. She was in a romantic relationship with Ali Cousins and gave Cousins information about the store that enabled him to know when to commit robbery and Pilgrim provided Cousins with a weapon to use in robbing the Dollar Tree Store. Cousins used that weapon and brandished it during several robberies of the Dollar Tree Store when Cousins committed robberies on March 19, June 22, July 3, and August 6, 2018. The Presentence Report reflects that Pilgrim was involved in all of those robberies by facilitating Cousins' efforts. (ECF No. 146, ¶ 15).

The Presentence Report also reflects that, at the time of the offenses of conviction, Pilgrim was no stranger to criminal activity. She previously had been convicted of embezzlement on two occasions, possessing or distribution of drug paraphernalia, and petty larceny. Her Criminal History Category was II.

Considering her offense conduct at level 26 and that criminal history, Pilgrim's guidelines for the two armed robbery offenses were 70 to 87 months combined to be followed by an 84 month consecutive sentence for the firearm brandishing offense. On October 11, 2019, Pilgrim was sentenced to 70 months incarceration (to run concurrently) on each of the Hobbs Act robbery and the aiding and abetting charges and to a consecutive 84 month term of incarceration on the charge of using a firearm by brandishing

during and in relation to a crime of violence. Pilgrim's total sentence therefore was 154 months. According to the papers in this case, Pilgrim's expected release date is June 3, 2030. As of the time her motions were filed, Pilgrim had served approximately 16 months of her sentence.

## DISCUSSION

The applicable statute, 18 U.S.C. § 3582(c)(1)(A), provides, in pertinent part, that, upon appropriate motion, the Court "may reduce the term of imprisonment . . . if it finds that 'extraordinary and compelling reasons' warrant such a reduction." It is settled that the burden is on the defendant to prove that extraordinary and compelling reasons exist for compassionate release under § 3582(c)(1)(A)(i). <u>United States v. White</u>, 378 F. Supp.3 784, 785 (W.D. Mo. 2019).

A.   **The *Pro se* Emergency Motion:   COVID-19 Related**

Pilgrim's *pro se* "Emergency Motion" (ECF No. 130) follows her request to the Warden of FCI Hazleton which was filed on June 1, 2020 and denied on June 29, 2020. Her *pro se* motion is confusing but principally is grounded on the general presence of COVID-19.

The "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering the Bureau of Prison's statutory role, and extensive

4

professional efforts to curtail the virus' spread. United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020). In assessing whether the record shows the existence of extraordinary and compelling reasons for compassionate release, courts consider, inter alia, the guidance of the CDC, and non-binding policy statements of the United States Sentencing Guidelines. See United States v. Beck, 425 F. Supp. 3d 573, 581-82 (M.D.N.C. 2019). The policy statements are not binding but are informative and may be considered. United States v. McCoy, 981 F.3d 271, 276 (4th Cir. 2020). The cases teach that, to constitute extraordinary and compelling reasons for compassionate release, medical conditions must be serious. Also, it is generally true that "chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." United States v. Ayon-Nunez, No. 1:16-cr-130, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020).

To establish existence of "extraordinary and compelling" reasons for compassionate release because of COVID-19, the defendant must show "both a particularized susceptibility to the disease and a particularized risk of contracting the disease at [his] prison facility." United States v. White, ____ F. Supp.3d ____, 2020 WL 1906845, at *1 (E.D. Va. April 23, 2020) (quoting United States v. Feiling, 453 F. Supp.3d 832, 840 (E.D. Va. 2020)).

### (a) Particularized Susceptibility

Pilgrim has not shown any particularized susceptibility to COVID-19 or any health conditions which could conceivably be the basis for compassionate release.

### (b) Particularized Facility Risk

Nor has Pilgrim met the particularized facility risk component of the appropriate test. Her motion cites press releases and information respecting the instances of COVID-19 among inmates and staff at BOP facilities nationwide, but provides no real evidentiary support of a particularized risk of contracting the disease at FCI Hazleton, the defendant's facility of incarceration. Further, the record reflects that, at the time of the filing of the Government's papers, FCI Hazleton had two active case of COVID-19 among inmates (among an inmate population of 1,137).

Also, the record shows that Pilgrim has received both doses of the COVID-19 vaccine.

In sum, on this record, Pilgrim has not met either component of the applicable test (susceptibility or facility). Perhaps that is why the papers filed by counsel have not pressed COVID-19 as a basis for compassionate release.

B.  Family Circumstances Motion

The MEMORANDUM IN SUPPORT OF MOTION FOR COMPASSIONATE RELEASE (ECF No. 140) filed by counsel seeks compassionate release "based on the necessity of providing a stable, loving, healthy environment for Ms. Pilgrim's daughter." On May 3, 2019, three months after she was arrested on the charges that have given rise to her conviction, Pilgrim gave birth to her daughter. Two months after giving birth to her daughter (July 3, 2019), Pilgrim pled guilty to the charges of which she was convicted and she was then remanded to custody. Her sentence was imposed on October 3, 2019.

Pilgrim makes the point that she has been separated from her daughter since July 3, 2019. It appears that the responsibility for rearing the child is with the father who takes the care of the child the majority of the time. Apparently, the child is watched by a babysitter three or four days a week depending on the father's work schedule. It is also asserted that, because of the COVID-19 virus and child care responsibilities, the father is unable to find stable work.

It is therefore argued that:

> Ms. Pilgrim's incarceration has resulted in an extreme burden to the Pilgrim family. The child's motherless condition plus the strain on Mr. Pilgrim, both financial and otherwise, constitutes an extraordinary and compelling reason for the Court to grant compassionate release.

7

(ECF No. 140, p. 5) (emphasis added). In support of the motion, Pilgrim also makes the point that the child is at "a critical period of development [and that] the care that she receives now will impact her long-term physical, intellectual, and psychological growth." (ECF No. 140, p. 6).

The defendant's theory of compassionate release is based upon U.S.S.G. § 1B1.1.13 and the commentary thereto that addresses situations in which family circumstances might give rise to a reason for a non-custodial sentence. Of course, in <u>United States v. McCoy</u>, 981 F.3d 271, 276 (4th Cir. 2020), the Fourth Circuit explained that the guidelines and their commentary and application notes were informative but not binding. Accordingly, it is appropriate to consider Pilgrim's theory.

The simple fact is that the Court is confronted on a regular basis with the fact that defendants who are incarcerated are separated from their families, including a spouse, a child, even newborn children. For that reason, those circumstances simply cannot be considered as extraordinary. Unfortunately, it is the case with many families where one parent is imprisoned that, like Pilgrim's child, a newborn is cared for by the non-incarcerated parent. According to the record, Pilgrim's child is receiving adequate care and there is no fact presented that would warrant the conclusion that there is some extraordinary or compelling

reason warranting a compassionate release in this case. See e.g., United States v. Tyler, 417 F. Supp.2d 80 (D. Me. 2006); United States v. Koons, 455 F. Supp.3d 285 (W.D. La. 2020).

Simply put, this record provides no basis for finding that compassionate release is appropriate because of family circumstances.

### C. Assessment Under 18 U.S.C. § 3553(a)

But, even if Pilgrim had presented a record that called for consideration of compassionate release on either ground (COVID-19 or family circumstances) (which she has not), it would be appropriate to deny compassionate release in perspective of the sentencing factors prescribed by 18 U.S.C. § 3553(a). Compassionate release, of course, is appropriate only where the defendant is not a danger to the safety of any other person or of the community. The defendant suggests that she is not a danger to the community because supervised release and electronic monitoring and her post-conviction improvement will assure that she does not return to the kind of violent conduct reflected in the offenses of conviction.

Pilgrim's argument virtually ignores that her convictions are for crimes of violence, involving the use of a firearm. And, it ignores that Pilgrim was involved in more robberies than the two reported in the offenses of conviction. On this record, the

9

protection of the public and the need to deter Pilgrim from further criminal conduct counsel denial of her motion.

The Court acknowledges the showing that, since her conviction, Pilgrim has taken a number of educational and vocational courses and earned her GED. But that commendable activity does not overcome Pilgrim's violent offense conduct or lessen in any way the need to deter her and to protect the public. On balance, consideration of the sentencing objections of § 3553(a) calls for denial of Pilgrim's motion.

## CONCLUSION

For the foregoing reasons, defendant's *pro se* "Emergency Motion" REQUESTING RELEASE PURSUANT TO THE 5TH AND 8TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND BASED ON THE COVID-19 PANDEMIC (ECF No. 130) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 18, 2021