IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:19CR50

CHRISTINA M. PILGRIM,

     Petitioner.

MEMORANDUM OPINION

Christina M. Pilgrim, a federal inmate proceeding pro se, filed this motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. ("§ 2255 Motion," ECF No. 118.) In her § 2255 Motion, Pilgrim raises one ground for relief:[1]

> Claim One:    Counsel was deficient where he "failed to challenge [Pilgrim's 18 U.S.C. §] 924(c)[] conviction and obtain relief under the Supreme Court ruling in [United States v. Davis, 139 S. Ct. 2319 (2019)]. [Pilgrim] was not sentenced until 10/11/2019 – after the Supreme Court ruling. Furthermore, [Pilgrim] was convicted under the residual clause of 18 U.S.C. § 924(c)(3)(B), which has been declared unconstitutionally vague." (Id. at 4.)

Approximately two weeks after filing her § 2255 Motion, Pilgrim filed a MOTION FOR LEAVE TO AMEND. ("First Motion to Amend," ECF No. 125.) In in the First Motion to Amend, Pilgrim seeks leave to "include a ground two for failure to appeal." (Id.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the punctuation and capitalization in the quotations from the parties' submissions.

at 1.)  Specifically, Pilgrim seeks to add the following new ground for relief:

> Proposed Ground Two:    Counsel was deficient where he "failed to file an appeal as instructed and to consult [with Pilgrim] about appeal options." (Id. at 2.)

Pilgrim subsequently filed a one-page, hand-written submission, in which she requests "new findings [following] United States v. Taylor, [142 S. Ct. 2015 (2022)]."  ("Second Motion to Amend," ECF No. 174, at 1.)  The Court construes the Second Motion to Amend as seeking to add the following new ground for relief:

> Proposed Ground Three:    Following the Supreme Court's decision in Taylor, Pilgrim's 18 U.S.C. § 924(c) conviction should be vacated because "Hobbs Act [robbery] is no longer considered a crime of violence and cannot support a [§] 924(c) conviction."  (Id.)

Most recently, Pilgrim submitted a second form for filing a 28 U.S.C. § 2255 motion, in which she appears to restate Claim One as a stand-alone Davis claim.  ("Third Motion to Amend," ECF No. 187, at 4.)  The Court construes the Third Motion to Amend as seeking to add the following new ground for relief:

> Proposed Ground Four:    "Hobbs Act Robbery is not a crime of violence, so [Pilgrim's §] 924(c) [conviction] should be vacated, because no element of the offense requires proof that [Pilgrim] used, attempted to use, or threatened to use force."  (Id.)

2

For the reasons stated below, neither _Davis_, nor _Taylor_ apply to Pilgrim's conviction.  Accordingly, Claim One will be dismissed.  Similarly, the Second Motion to Amend (ECF No. 174) and the Third Motion to Amend (ECF No. 187) will be denied because Proposed Grounds Three and Four both obviously lack merit, and, at this juncture, amendment would be futile.

On the other hand, the First Motion to Amend (ECF No. 125) will be granted.  Pilgrim will be directed to expand the record, as described below, as she has heretofore failed to allege sufficient facts to permit an appropriate analysis of this issue.

## I.   PROCEDURAL HISTORY

On March 6, 2019, a grand jury indicted Pilgrim with:  one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One);  three counts of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 & 2 (Counts Two, Four, and Six); and three counts of brandishing a firearm in furtherance of a crime of violence during and in relation to the Hobbs Act robberies charged in Counts Two, Four, and Six, in violation of 18 U.S.C. §§ 924(c) & 2 (Counts Three, Five, and Seven).  ("Indictment," ECF No. 13, at 1-5; ECF No. 57, at 1-5 (as amended).)[2]

---

[2] On July 3, 2019, the parties amended the Indictment to correct a clerical error.  (_See_ ECF Nos. 57, 58.)

3

On July 3, 2019, Pilgrim entered a Plea Agreement with the Government (ECF No. 61) and signed an accompanying Statement of Facts (ECF No. 60). Pilgrim agreed to plead to Count Four (Hobbs Act robbery), Count Five (brandishing of a firearm in furtherance of a crime of violence as alleged in Count Four), and Count Six (Hobbs Act Robbery). (See ECF No. 61 at 1-2.) In exchange for her guilty pleas to these three counts, the Government agreed to move to dismiss the remaining charges at sentencing. (Id. at 5.)

On that same day, July 3, 2019, Pilgrim appeared before the magistrate judge and entered guilty pleas to Counts Four, Five, and Six. (ECF No. 63, at 1-3.) The magistrate judge accepted Pilgrim's guilty pleas and recommended that she be found guilty of Counts Four, Five, and Six. (See id.)

A Presentence Investigation Report ("PSR") was generated by the probation officer. (ECF No. 101.) Pilgrim received a Total Offense Level of 26 and a Criminal History Category of II. (Id. ¶¶ 81-82.) Pilgrim's advisory guidelines range for Counts Four and Six was 70 to 87 months of incarceration, with a statutory maximum of 20 years. (Id. ¶ 82.) The PSR also highlighted the fact that Pilgrim faced a mandatory, consecutive seven-year sentence to life in prison for Count Five. (Id.)

On October 3, 2019, Pilgrim appeared before the Court for sentencing. (See ECF No. 108.) Neither party objected to the PSR. (Id. at 1.) The Government made a Motion for Acceptance of

4

Responsibility (ECF No. 105), which the Court granted.  (See ECF No. 108, at 1; ECF No. 110, at 1.)  Pilgrim made a Motion for a Variance (ECF No. 104), which the Court denied.  (See ECF No. 108, at 1; ECF No. 110, at 1.)  The Court convicted Pilgrim of Counts Four, Five, and Six.  (ECF No. 113, at 1.)

After hearing statements from counsel and Pilgrim (see ECF No. 108, at 1), the Court sentenced Pilgrim to 70 months of incarceration on Counts Four and Six, with each sentence to be served concurrently.  (ECF No. 113, at 2.)  The Court then sentenced Pilgrim to 84 months of incarceration on Count Five, with that sentence to be served consecutive to Counts Four and Six.  (Id.)  In total, Pilgrim received an aggregate sentence of 154 months of incarceration.  (Id.)  On the motion of the Government, the Court dismissed the remaining charges against Pilgrim.  (See ECF No. 112, at 1; ECF No. 113, at 1.)

## II. ANALYSIS

### A. Law for Ineffective Assistance of Counsel Claims

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that

counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

### B. Counsel's Failure to Raise a Davis Claim (Claim One)

In Claim One, Pilgrim avers that counsel was deficient because he "failed to challenge [Pilgrim's 18 U.S.C. §] 924(c)[] conviction and obtain relief under the Supreme Court ruling in [United States v. Davis, 139 S. Ct. 2319 (2019)]." (ECF No. 118, at 4.) Pilgrim goes on to state that she "was convicted under the residual clause of 18 U.S.C. § 924(c)(3)(B), which has been declared unconstitutionally vague." (Id.) Pilgrim is wrong on many levels.

As relevant here, Title 18 U.S.C. § 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18

6

U.S.C. § 924(c)(1)(A)(i).   If the defendant brandishes the firearm, that period of imprisonment increases to at least seven years.  Id. § 924(c)(1)(A)(ii).  And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years.  Id. § 924(c)(1)(A)(iii).

Historically, the United States could demonstrate that an underlying offense constituted a crime of violence if it established that the offense was a felony and satisfied one of two requirements.  Namely, the statute defined a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "force clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "residual clause")].

Id. § 924(c)(3).

However, in June 2019, the Supreme Court invalidated the residual clause of § 924(c).  See Davis, 139 S. Ct. at 2336 (holding that "§ 924(c)(3)(B) is unconstitutionally vague").  Thus, after Davis, for a § 924(c) conviction to pass constitutional muster, it must be predicated on a crime of violence that satisfies the force clause of § 924(c).

The Indictment clearly alleges that the § 924(c) violation contained in Count Five is predicated on the Hobbs Act robbery alleged in Count Four.  (ECF No. 13, at 4; ECF No. 57, at 4.)

Pilgrim pled guilty to the Hobbs Act robbery alleged in Count Four (see ECF No. 61, at 1; ECF No. 63, at 1), and she stipulated that the Government's evidence was sufficient to establish her guilt beyond a reasonable doubt (see ECF No. 60, at 1-5).  Thus, the only issue before the Court is whether Hobbs Act robbery constitutes a crime of violence that satisfies the force clause of § 924(c).

The United States Court of Appeals for the Fourth Circuit has answered this question in the affirmative.  See United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) (rejecting arguments that after Davis a Hobbs Act robbery does not qualify as a crime of violence and concluding that it satisfies the force clause).  Thus, despite Pilgrim's assertion to the contrary, her § 924(c) conviction in Count Five rests very firmly on a valid predicate offense, a completed Hobbs Act robbery, that very clearly satisfies the force clause of § 924(c).

Moreover, the fact that Pilgrim may have been charged and convicted under a theory of aiding and abetting Hobbs Act robbery does nothing to change the relevant analysis.  "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."  18 U.S.C. § 2(a).  Indeed, as the Fourth Circuit recently reaffirmed, "[a]iding and abetting is not a standalone criminal offense-rather, it 'simply describes the way in which a

8

defendant's conduct resulted in the violation of a particular law.'" United States v. Ali, 991 F.3d 561, 574 (4th Cir. 2021) (quoting United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010)).  As the Fourth Circuit stated:

> [18 U.S.C.] Section 2 does not set forth an essential element of [an] offense, so aiding and abetting a crime has the exact same elements as the principal offense. Because there are no new elements on which the categorical approach can operate, it is impossible for the analysis of aiding and abetting a crime to come out differently than the principal crime.  Therefore, aiding and abetting a crime of violence is also categorically a crime of violence.

Id. (second alteration in original, internal quotation marks and citation omitted).

In this instance, it simply does not matter that Pilgrim did not personally brandish the firearm used during the Hobbs Act robbery described in Court Four.  See id. (observing that "the acts of the principal become those of the aider and abettor as a matter of law" (quoting In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016))).  Pilgrim stipulated that she provided strategic information to her co-conspirator concerning the target of the robbery, drove him to the robbery, picked him up after the robbery, and even provided him with the firearm that was ultimately brandished during the robbery.  (See ECF No. 60, at 1-5.)  Simply put, Pilgrim's words and her actions caused the firearm that she provided to be brandished, as surely as if she had brandished the weapon herself.  Cf. United States v. Bran, No. 3:12CR131, 2021 WL

9

4099011, at *4-5 (E.D. Va. Sept. 8, 2021) (rejecting claim that Bran could not be found guilty of Murder in Aid of Racketeering under a theory of aiding and abetting the principals where he directed the murder and provided a weapon to be used).

In any event, the Supreme Court's conclusion in <u>Davis</u> that the residual clause of § 924(c) is unconstitutional has no bearing on Pilgrim's conviction on Count Five. Pilgrim's conviction of Count Five is solidly rooted in the elements clause of § 924(c), and thus, remains valid, notwithstanding the fact that Pilgrim was convicted under a theory of aiding and abetting a principal.

Pilgrim has failed to establish that counsel was deficient for not raising a <u>Davis</u> argument at her sentencing hearing, much less that she suffered any prejudice as a result. Accordingly, Claim One will be dismissed.

### III. PILGRIM'S MOTIONS TO AMEND

#### A. The Standard for Granting Leave to Amend

"Under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." <u>United States v. Pittman</u>, 209 F.3d 314, 317 (4th Cir. 2000) (citations omitted). A proposed amendment is futile when it "is clearly insufficient or frivolous on its face." <u>Johnson v. Oroweat Foods Co.</u>, 785 F.2d 503, 510 (4th Cir. 1986) (citing <u>Davis v. Piper Aircraft Corp.</u>, 615 F.2d 616, 613 (4th Cir. 1980); <u>Buder</u>

10

v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 695
(8th Cir. 1981)).  For the reasons stated below, Pilgrim's First
Motion to Amend will be granted and her Second and Third Motions
to Amend will be denied, as those amendments would be futile.

**B.  First Motion to Amend**

In her First Motion to Amend (ECF No. 125) Pilgrim seeks leave
to add a claim alleging that counsel was deficient because he
"failed to file an appeal as instructed." (Id. at 2.)

An attorney's failure to file a requested appeal is per se
ineffective assistance of counsel.  See Roe v. Flores-Ortega, 528
U.S. 470, 483-86 (2000).  The United States Court of Appeals for
the Fourth Circuit has explained that "an attorney is required to
file a notice of appeal when unequivocally instructed to do so by
his client, even if doing so would be contrary to the plea
agreement and harmful to the client's interests." United States
v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007).

While scant on details, the First Motion to Amend is not
clearly insufficient or frivolous on its face.  Thus, the First
Motion to Amend (ECF No. 125) will be granted and Pilgrim's
Proposed Ground Two will proceed as Claim Two.  As discussed in
Part IV, the Court will order the record be expanded on Claim Two.

**C.  Second Motion to Amend**

In her Second Motion to Amend, Pilgrim seeks leave to
interpose a proposed new ground for relief based on the Supreme

11

Court's recent decision in <u>United States v. Taylor</u>, 142 S. Ct. 2015 (2022). (ECF No. 174, at 1.) Pilgrim asserts that following <u>Taylor</u>, Count Five should be vacated because "Hobbs Act [robbery] is no longer consider[ed] a crime of violence and cannot support a 924(c) conviction." (<u>Id.</u>) Once again, Pilgrim is wrong.

In <u>Taylor</u>, the Supreme Court affirmed the Fourth Circuit's holding that <u>attempted</u> Hobbs Act robbery was not a crime of violence under <u>Davis</u>. 142 S. Ct. at 2025-26. <u>Taylor</u> did not, however, address the implications of <u>Davis</u> on a conviction based on a completed Hobbs Act robbery, such as Pilgrim's conviction on Count Five. <u>See</u> <u>id.</u> at 2020 ("Whatever one might say about <u>completed</u> Hobbs Act robbery, <u>attempted</u> Hobbs Act robbery does not satisfy the elements clause.")

As such, <u>Taylor</u> does not alter the framework set out by the Fourth Circuit in <u>Mathis</u> and <u>Ali</u>, which this Court is bound to follow. <u>See</u> Part II.B. Pilgrim was convicted of a <u>completed</u> Hobbs Act robbery, which remains a crime of violence following <u>Davis</u>. <u>See</u> <u>United States v. Mathis</u>, 932 F.3d 242, 266 (4th Cir. 2019). The fact that she was convicted under a theory of aiding and abetting a principal does nothing to alter this result. <u>See</u> <u>United States v. Ali</u>, 991 F.3d 561, 574 (4th Cir. 2021). Therefore, allowing Pilgrim to amend her § 2255 Motion to include her Proposed Ground Three would be futile. Accordingly, the Second Motion to Amend (ECF No. 174) will be denied.

12

### D.   Third Motion to Amend

In her Third Motion to Amend (ECF No. 187), Pilgrim attempts to repackage Claim One as a stand-alone <u>Davis</u> claim, as opposed to an ineffective assistance of counsel claim, by merely repeating her incorrect assertion that Hobbs Act robbery "is not a crime of violence." (<u>Id.</u> at 4.)   This subtle recasting of her claim does not change the fact that she fundamentally misapprehends the meaning of <u>Davis</u>, nor does it do anything to advance her cause.

For the reasons stated above, <u>see</u> Part II.B., it is clear that Pilgrim's Proposed Ground Four is frivolous on its face and that amendment at this juncture would be futile.   Accordingly, the Third Motion to Amend (ECF No. 187) will be denied.

## IV.   EXPANSION OF THE RECORD

Pilgrim's § 2255 Motion and her First Motion to Amend are virtually devoid of any specific factual allegations supporting Claim Two.   Indeed, Pilgrim has provided the Court with little more than bold faced assertion of attorney error and the legal standard for an ineffective assistance claim in this regard. Accordingly, Pilgrim will be ordered to file the following submissions, within thirty (30) days of the entry hereof:

1.   Copies of any records or correspondence which supports her assertion that she conveyed to counsel her desire to file an appeal.

2.   A statement reciting any communications Pilgrim had with counsel concerning Pilgrim's instructions to counsel

13

> regarding an appeal. The statement must include a
> verbatim account of what Pilgrim said to her attorney
> and the exact responses from her attorney. The statement
> must recite the date(s) and location(s) of any
> conversations that took place. Additionally, Pilgrim
> must identify what efforts she made to ascertain whether
> her attorney had filed an appeal. Pilgrim must explain
> when and why she first suspected that counsel had not
> filed an appeal. Such statement must be in affidavit
> form and/or sworn under penalty of perjury.

Pilgrim's failure to comply with the above directives **will result in summary dismissal** of the action with respect to Claim Two. See Fed. R. Civ. P. 41(b).

If Pilgrim files appropriate submissions conforming to the above requirements, the Government will be required to respond to Pilgrim's expansion of her claim as follows:

1.   Within thirty (30) days of the filing of Pilgrim's submissions, Pilgrim's former counsel, Jeffrey L. Everhart, is directed to provide the Government a sworn statement regarding his communications with Pilgrim concerning the pursuit of an appeal.
2.   Additionally, Everhart shall provide the Government with copies of all documents in his possession, including correspondence to and from Pilgrim, regarding an appeal.
3.   Within fourteen (14) days of receiving the above submissions from Pilgrim, the Government is directed to file its response, including all information and documents provided by Everhart. The Government shall properly serve Pilgrim with the same.

To the extent the Government is required to file a response, Pilgrim shall have eleven (11) days from the date the Court receives the Government's response to file any reply.

14

## V.   CONCLUSION

For the reasons stated above, Claim One will be dismissed. The First Motion to Amend (ECF No. 125) will be granted.   The Second Motion to Amend (ECF No. 174) will be denied.   The Third Motion to Amend (ECF No. 187) will be denied.   The parties will be ordered to expand the record as described in Section IV.

The Clerk is directed to send a copy of this Memorandum Opinion to Pilgrim and all counsel of record, including former counsel, Jeffrey L. Everhart.

It is so ORDERED.

Date: ~~April~~ March 31, 2023
Richmond, Virginia

                                        /s/   REP
                                        _____
                                        Robert E. Payne
                                        Senior United States District Judge