IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                         Criminal No. 3:19CR50

CHRISTINA M. PILGRIM,

    Petitioner.

**MEMORANDUM OPINION**

Christina M. Pilgrim, a federal inmate proceeding pro se, filed this motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. ("§ 2255 Motion," ECF No. 118.) By Memorandum Opinion and Order entered on March 31, 2023, the Court denied the § 2255 Motion. (ECF Nos. 196, 197.) At the same time, Pilgrim's First Motion to Amend (ECF No. 125) was granted and therein she raised the following claim for relief:[1]

Claim Two: Counsel was deficient where he "failed to file an appeal as instructed and to consult [with Pilgrim] about appeal options." (Id. at 2.)

However, as explained below, the Court also directed Pilgrim to expand the record because she had failed to allege sufficient facts to permit an appropriate analysis of this issue. As explained below, Pilgrim's vague response does not establish that

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the punctuation and capitalization in the quotations from the parties' submissions.

counsel was ineffective. So, for the following reasons, her petition must be denied.

## II. ANALYSIS

### A. Pilgrim's Compliance With The March 31, 2023 Order

Pilgrim's ineffective assistance of counsel claim rested upon the conclusory statement that counsel was deficient because he "failed to file an appeal as instructed." (ECF No. 125, at 2.) Pilgrim provided the Court with little more than a naked assertion of attorney error and a statement of the legal standard for an ineffective assistance claim. Therefore, in the Memorandum Opinion and Order entered on March 31, 2023, Pilgrim was directed to file the following submissions:

1. Copies of any records or correspondence which supports her assertion that she <u>conveyed to counsel her desire to file an appeal</u>.

2. A statement reciting any <u>communications</u> Pilgrim had with counsel <u>concerning Pilgrim's instructions to counsel regarding an appeal</u>. The statement must include a verbatim account of what Pilgrim said to her attorney and the exact responses from her attorney. The statement must recite the date(s) and location(s) of any conversations that took place. Additionally, Pilgrim must identify what efforts she made to ascertain whether her attorney had filed an appeal. Pilgrim must explain when and why she first suspected that counsel had not filed an appeal. Such statement must be in affidavit form and/or sworn under penalty of perjury.

(ECF No. 197, at 1-2) (emphasis added). Pilgrim also was advised that her "failure to comply with the above directives **will result**

2

**in summary dismissal** of the action with respect to Claim Two. See Fed. R. Civ. P. 41(b)." (Id. at 2.)

Pilgrim then filed an Affidavit. (ECF No. 204.) Although Pilgrim had been directed to provide a sworn "statement reciting any communications [she] had with counsel concerning [her] instructions to counsel regarding an appeal," (ECF No. 197, at 1) she failed to provide that information. Instead, Pilgrim said only that: "Mr. Everheart [sic] never informed me of my appeal rights." (Affidavit 2.) The Government responded by filing the United States' Motion to Dismiss Defendant's 2255 Motion and to Stay United States's Response to Defendant's 2255 Motion ("Motion to Dismiss," ECF No. 206). There, the Government argued that Pilgrim had failed to comply with the specific instructions given by the Court which, in turn, warranted summary dismissal of Claim Two and denial of the petition.

The Court agrees with that contention and Claim Two and the petition are denied for that reason alone.

Ordinarily, it is preferable to articulate a single basis for decision and, conversely, to refrain from making alternative holdings. Karsten v. Kaiser Found. Health Plan of the Middle Atlantic States, Inc., 36 F.3d 81 (4th Cir. 1994). However, given Pilgrim's contentions and her litigious inclination, it is best in this instance also to address the substance of Claim Two as an alternative holding. For the reasons set forth below, the Court

3

also finds that, taking into account the limited information that Pilgrim has provided, she has failed to make out a viable ineffective assistance of counsel claim with respect to Claim Two.

### B. Law For Ineffective Assistance Of Counsel Claims

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance component of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

"[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think

4

either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). This determination must take into account "all the information counsel knew or should have known." Id. (citation omitted). If the attorney received no express instruction to file a notice of appeal, and no consultation has occurred, a court must determine "whether counsel's failure to consult with the defendant itself constitutes deficient performance." Id. at 478.

The prejudice component requires "that counsel's deficient performance must actually cause the forfeiture of the defendant's appeal. If the defendant cannot demonstrate that, but for counsel's deficient performance, [s]he would have appealed, counsel's deficient performance has not deprived [her] of anything, and [s]he is not entitled to relief." Id. at 484 (citations omitted).

As explained below, the Court need not engage in an extended inquiry of counsel's duty to consult with Pilgrim about an appeal because Pilgrim has provided nothing more than a conclusory statement ("Mr. Everheart [sic] never informed me of my appeal rights") and the record shows that Pilgrim in fact was informed of her right to appeal.

5

## C. Pilgrim Fails To Show That Counsel Was Ineffective

In support of Claim Two, Pilgrim swore that "Mr. Everheart [sic] never informed me of my appeal rights." (Affidavit 2.)[2] However, the record shows that Pilgrim was aware of the right to appeal.

To begin, the Plea Agreement reflects that Pilgrim knew of her appeal rights because in that agreement she agreed to waive them. (ECF No. 61 ¶ 6). Pilgrim also agreed that she was "satisfied that [her] attorney has rendered effective assistance." (Id. ¶ 4.) And, directly above her signature on the Plea Agreement, Pilgrim acknowledged:

> I hereby agree that I have <u>consulted with my attorney and fully understand all rights</u> with respect to the pending Amended Indictment. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully <u>reviewed every part of it with my attorney</u>. I understand this agreement and voluntarily agree to it.

(Id. at 11) (emphasis added). The rights therein mentioned included the right to appeal and the waiver thereof.

Then, during the Rule 11 colloquy, Pilgrim swore under oath that she had enough time to discuss the terms of her Plea Agreement

---

[2] In her initial statement of the claim, Pilgrim stated that counsel was deficient because he "failed to file an appeal as instructed and to consult [Pilgrim] about [her] appeal rights." (ECF No. 125, at 2.) However, that was not sworn to under penalty of perjury. Pilgrim abandoned this aspect of her claim when she failed to provide a sworn statement to support it.

6

with counsel and that she was satisfied with counsel's service. (July 3, 2019 Hrg. 11:43:55-11:44:22; 11:47:45.) The Court explained the right of appeal, and told her that, as a term of her Plea Agreement, she waived her right to appeal both her conviction and any sentence that was within the statutory maximum. Pilgrim agreed that she understood that instruction and had no questions. (July 3, 2019 Hrg. 11:45:37-11:46:20.) Based on her responses, the Court found that Pilgrim was fully competent and capable to enter a plea, that she understood its terms, that her plea was knowing and voluntary, and then accepted her plea. (July 3, 2019 Hrg. 11:55:13-55:43.)

In light of the strong presumption of verity that attaches to a petitioner's sworn declarations during the plea colloquy, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" See United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations omitted). Thus, the Fourth Circuit has admonished that, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that

7

necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.

Nothing in the record would permit the Court to consider Pilgrim's sworn statements at the plea colloquy as other than truthful. The record reflects that the Court advised Pilgrim of the right to appeal and the waiver of the right. Pilgrim stated that she and counsel had discussed all of her rights (which included the appeal rights). Therefore, based on her representations at the plea hearing, Pilgrim's statement that counsel "never informed me of my appeal rights," is simply not credible. See id.

Even if Pilgrim intended to cabin counsel's alleged failure to mean that counsel "never informed me of my appeal rights" after her sentencing, Pilgrim has not demonstrated any deficiency of counsel or resulting prejudice because the Court informed her of the appeal rights at the end of the sentencing hearing by telling Pilgrim that she had the right to appeal and that any appeal must be filed in writing within fourteen days or that right was forever waived (ECF No. 213).

Nor has Pilgrim made a showing that she actually wanted to appeal or that there was a colorable basis for an appeal. And, she certainly has not shown that, but for the alleged deficiency of counsel, she would have appealed.

8

In sum, Pilgrim demonstrated no deficiency of counsel, and no resulting prejudice. Accordingly, Claim Two fails, and will be dismissed.

### III. CONCLUSION

For the reasons stated above, Claim Two will be dismissed. The § 2255 Motion (ECF No. 118) will be denied. The Motion to Dismiss (ECF No. 206) will be denied as moot. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Pilgrim and all counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 20, 2023